**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **BANK OF AMERICA, N.A.,** | ) | **CASE NO. 1:18CV653** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **CITY OF BROOK PARK, OHIO, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #8) of the Brook Park City Defendants to Dismiss Plaintiff's Complaint. For the following reasons, the Motion is denied.

## I. FACTUAL BACKGROUND

This lawsuit concerns the unlawful demolition of the dwelling located at 6212 Eavenson Road, Brook Park, Ohio 44142.

On January 29, 2008, Countrywide Home Loans extended a loan in the principal amount of $123,424 to Mike J. Kaminski, secured by a mortgage on the property and

dwelling located at 6212 Eavenson Road, Brook Park, Ohio 44142.  The mortgage was subsequently assigned to BAC Home Loans Servicing, LP.  Plaintiff Bank of America, N.A. is the successor in interest to BAC Home Loans Servicing.

On July 23, 2015, the City of Brook Park issued a Notice to Abate Nuisance to Plaintiff, Kaminski and others, warning that the dwelling was out of repair and dilapidated in violation of the City's Ordinances and may be demolished.  On March 19, 2016, Plaintiff advised the City's Building Commissioner, Defendant John E. Hurst, that it was ready, willing and able to immediately begin the necessary repairs to the property.  On March 21, 2016, the City notified Plaintiff's counsel that the demolition would go forward.  Thereafter, Plaintiff's counsel contacted Defendant Hurst, the Director of Public Safety, Defendant David P. Byrnes and the Law Director, Defendant Carol Horvath, to advise them that Plaintiff intended to seek a temporary restraining order.

On March 24, 2016, the Cuyahoga Court of Common Pleas issued a Temporary Restraining Order to prevent the City from demolishing the dwelling at 6212 Eavenson Road. Copies of the Order were emailed and sent by certified mail to the City of Brook Park.

Despite notice of the Order, the City demolished the dwelling on March 28, 2016. The court that issued the Temporary Restraining Order entered a subsequent Order holding the City in contempt.  On February 1, 2017, the state court judge ordered the City to pay Plaintiff attorneys' fees in the amount of $7,312.50 as sanctions.

On April 19, 2017, Plaintiff filed a Complaint in Foreclosure naming the mortgagor Mike Kaminski and the City of Brook Park because of an unrelated lien the City held on the property.  Plaintiff did not seek a deficiency judgment against Kaminski personally.  On

March 19, 2018, a decree of foreclosure was entered in favor of Plaintiff. Brook Park's lien was deemed to be inferior, but could possibly be pursued if funds remained after Plaintiff's lien was satisfied by the proceeds of a foreclosure sale.

The instant lawsuit was filed on March 20, 2018 by Bank of America against Brook Park and the City's Law Director, Building Commissioner and Director of Public Safety in their official and individual capacities. Plaintiff alleges that the value of the 6212 Eavenson Road property was drastically reduced by Defendants' actions in demolishing the structure on the property which was secured by Plaintiff's mortgage lien. Plaintiff brings claims under 42 U.S.C. § 1983 for constitutional violations of substantive and procedural due process and for unreasonable search and seizure.

Defendants move for an order dismissing Plaintiff's Complaint because it is barred by the doctrine of res judicata. Defendants argue that Plaintiff's foreclosure action, to which the City of Brook Park was a named defendant, applied to the property it now claims was drastically reduced in value by demolition of the dwelling on that property. So, the current claims for due process takings and wrongful seizure could have been alleged in the foreclosure action; and Plaintiff's failure to assert them in that action precludes this lawsuit.

## II. LAW AND ANALYSIS

### Standard of Review

"In reviewing a motion to dismiss, we construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Factual allegations contained in a complaint must "raise a right to relief above the speculative level."

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *Twombly* does not "require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Dismissal is warranted if the complaint lacks an allegation as to a necessary element of the claim raised. *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485 (6th Cir. 1990). The United States Supreme Court, in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), discussed *Twombly* and provided additional analysis of the motion to dismiss standard:

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusion, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-plead factual allegations a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950.

When a court is presented with a Rule 12(b)(6) motion, it may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein. *See Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001).

**Res Judicata**

In *Grava v. Parkman Twp.*, 73 Ohio St.3d 379 (1995), the Ohio Supreme Court set out the standard for the claim-preclusive effect of res judicata as follows: "[A] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the same transaction or occurrence that was the subject matter of a previous action." *Id*. at 382. Four elements must be established to bar a claim under the doctrine of res judicata:

      (1) there is a final, valid decision on the merits by a court of competent jurisdiction;

      (2) the second action involves the same parties or their privies as the first;

      (3) the second action raises claims that were or could have been litigated; and

      (4) the second action arises out of the same transaction or occurrence as the first.

*See Portage Cty. Bd. of Commrs. v. City of Akron*, 109 Ohio St.3d 106, 123, citing *Hapgood v. Warren*, 127 F.3d 490, 493 (6th Cir. 1997).

      The central question confronting this Court is whether Plaintiff's constitutional due process and illegal seizure claims arose out of the same transaction or occurrence as the 2017 foreclosure claim. The Court finds that they do not.

      In *Grava*, 73 Ohio St.3d at 382, the Ohio Supreme Court noted that Comment b to Section 24 of the Restatement of Judgments defines "transaction" as a "common nucleus of operative facts." This element cannot be avoided because a plaintiff presents grounds or theories of the case not presented in the first action or seeks a different remedy in the subsequent action. *Grava*, 73 Ohio St.3d at 383; *Brown v. City of Dayton*, 89 Ohio St.3d 245 (2000).

      Defendants maintain that the foreclosure action and the within due process takings action deal with the value of the same real property and should have been brought together. However, a mortgage grants the mortgagee-bank and its successors and assigns a security interest in the real property. Upon default, a mortgagee-bank may bring a foreclosure action to determine the existence and extent of the mortgage lien and to have the property sold for its satisfaction. *Deutsche Bank National Trust Company v. Holden*, 147 Ohio St.3d 85 (2016). There is never a judicial determination of the real property's value.

The Court finds that the claims related to Plaintiff's lien, its priority among other liens and the forced sale to satisfy the mortgage debt do not share a "common nucleus of operative facts" with a claim for injury from constitutional violations due to wrongful demolition in the face of a court-issued injunction.

Moreover, the Court recognizes that the foreclosure proceeding on the 6212 Eavenson Road property was an *in rem* action. (Magistrate's Decision, ECF DKT #8-3 at 2). An *in rem* action is an "action determining the title to property and the rights of the parties, not merely among themselves, but also against all persons at any time claiming an interest in that property." *Chevalier v. Estate of Barnhart*, 803 F.3d 789, 802 (6th Cir. 2015), quoting Black's Law Dictionary. "An *in rem* judgment does not establish the personal liability of the property owner and is not effective beyond the particular property it affects. *See, e.g., Epperson v. Halliburton Co.*, 434 P.2d 877 (Okla. 1967) (an *in rem* judgment in a lien foreclosure action was not an adjudication of the rights of the parties that would support a plea of res judicata in a subsequent action for the balance due under the contract)." *In re Joseph*, 584 B.R. 696, 704 (U.S.Bankr.Ct., E.D.Kentucky 2018).

Lastly, the Brook Park Defendants have not established the element of res judicata which requires the involvement of the same parties or their privies in the prior and the current action. Although as a general rule city officials are in privity with the city, the Court is not convinced that Brook Park's Law Director, Building Commissioner and Director of Public Safety, in their official and individual capacities, had a mutual interest with the City in the lien on the 6212 Eavenson Road premises. The individual City Brook Park officials were not named, nor were they necessary parties to be named defendants in the foreclosure case.

## III. CONCLUSION

Aside from demonstrating that the state court foreclosure proceedings and the instant 42 U.S.C. § 1983 lawsuit involve the same real property, the City of Brook Park Defendants have failed to meet their burden of establishing the elements of the res judicata bar. Therefore, the Motion (ECF DKT #8) of the Brook Park City Defendants to Dismiss Plaintiff's Complaint is denied.

**IT IS SO ORDERED.**

**s/ Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated: December 7, 2018**